Molly M. Gordon #23134
Depew Gillen Rathbun & McInteer LC
8301 E. 21st Street, Suite 450
Wichita, KS   67206-2936
Telephone:  (316) 262-4000
molly@depewgillen.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| MARK HILDEBRANT | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 12-1323-EFM |
| | ) |
| SEDGWICK COUNTY SHERIFF; JUSTIN MAXFIELD; SCOTT BURDETT; ANDREW DODGE; ERIC SLAY in their individual and official capacities | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION IN LIMINE**

Plaintiff moves in limine to prohibit the following evidence:

1. Evidence of Mr. Hildebrant's prior arrests or encounters with the police;

2. Any evidence of Mr. Hildebrant's illegal drug use;

3. Evidence of any drugs or alcohol found in the vehicle after it was stopped;

4. Any testimony or evidence regarding a gun thrown out of the window

**Introduction**

In the early morning hours of December 30, 2010, four patrol officers bull rushed and gang tackled the plaintiff, in violation of every established use of force principle. Mr. Hildebrant was kicked and punched while he lay paralyzed on the side of the road.

As a result of the defendants' conduct, Mr. Hildebrant suffered a spinal cord injury and lost the use of his legs, forever confining him to a wheelchair.

Mr. Hildebrant was a passenger in a vehicle that he later learned was stolen. Defendant Andrew Dodge attempted to conduct a stop based upon a report of a stolen vehicle. The driver eluded deputies and ignored Mr. Hildebrant's pleas to stop the car and let him out. Twice during the chase, Mr. Hildebrant stuck both hands out of the passenger window to demonstrate to the deputies that he was unarmed and an unwilling passenger to the driver's conduct.

After the vehicle was stopped by spike strips, Mr. Hildebrant exited the vehicle and raised his hands - however, apparently not in a manner acceptable to Deputy Maxfield who screamed, "Motherf\*\*ker, don't act like this is stupid!" Seconds later, two of the deputies gang tackled Mr. Hildebrant, and ultimately rendered him paralyzed. The dashcam video shows the defendants striking Hildebrant with their knees and fists, even though he was paralyzed and unable to respond. Some jokes can even be heard on the video.

At issue is whether defendants' use of force exceeded what was reasonably necessary to arrest plaintiff. Plaintiff's motion in limine seeks to exclude evidence and testimony that would be irrelevant and prejudicial.

**Plaintiff's Prior Convictions**

Defendants questioned Mr. Hildebrant extensively regarding his prior criminal history - including convictions. Mr. Hildebrant's record consists of drug crimes and the failure to register under the Offender registration due to his drug crimes. His convictions have nothing to do with truthfulness. This evidence is wholly irrelevant and

would only serve to attempt to prejudice the jury and persuade the jury that plaintiff has the propensity to commit crimes, thus justifying the use of force at the heart of this lawsuit. This evidence should be excluded.

Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Evidence is relevant if it tends "to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Any evidence of Mr. Hildebrant's prior criminal record does not make any fact more or less probable. This is particularly true here, where there is no evidence that the defendants were aware of any of plaintiff's prior encounters with police at the time they beat him. Rather, the defendants simply knew that the car was reported stolen, and that the driver failed to stop.

This evidence is also inadmissible character evidence. "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). The Tenth Circuit has adopted a four-part test to determine whether to admit 404(b) evidence, which requires: (1) the evidence was offered for a proper purpose under Fed. R. Evid. 404(b); (2) the evidence was relevant under Fed. R. Evid. 401; (3) the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice under Fed. R. Evid. 403; and (4) the district court, upon request, instructed the jury to consider the evidence only for the purpose for which it was admitted. *United States v. Wilson*, 107 F.3d 774, 782 (citing *Huddleston v. United States*, 485 U.S. 681, 691-92, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988)).

Here, there is no reason proper purpose to offer any evidence of prior arrests or convictions. Rather, the only purpose for admitting such testimony would be to unfairly

prejudice the jury against Mr. Hildebrant.  As such, the evidence is not relevant, and any probative value would be outweighed by its prejudicial value.

Further, evidence of a character trait is not admissible to prove that on a particular occasion the person acted in accordance with that character or trait.  As such, any evidence of plaintiff's prior encounters with police for the purpose of showing that he behaved similarly in the encounter that resulted in his beating is inadmissible.

If, for the sake of argument, plaintiff's prior criminal record is somehow relevant to an issue in this case, the evidence should nevertheless be excluded under Rule 403 because such evidence would be more prejudicial than probative and would encourage the jury to make inferences prohibited by Rule 404.  Rule 404(a) prohibits the admission of evidence for the purpose of showing one's propensity to commit bad acts. *United States v. Benally*, 500 F.3d 1085, 1089 (10th Cir. 2007).  Here, the only conceivable reason to introduce evidence of prior arrests or criminal record would be to attempt to prejudice the jury against Mr. Hildebrant.   This is an impermissible use, and such evidence must be excluded.

As such, plaintiff respectfully requests that the Court enter an order in limine prohibiting the defendants from offering evidence of plaintiff's prior arrests or convictions.

**Any evidence of Mr. Hildebrant's illegal drug use or arrests**

During his deposition, Mr. Hildebrant was asked extensively about his prior and subsequent drug use.  Any and all prior or subsequent drug or alcohol use has no relevance to this case, and any mention of it should be prohibited.  Again, the only conceivable reason to introduce evidence of Mr. Hildebrant's illegal drug use would be

to attempt to prejudice the jury against Mr. Hildebrant. This is an impermissible use, and such evidence must be excluded. The defendants knew nothing of drug use during the stop and the beating; rather, the defendants were simply attempting to stop a stolen vehicle. As such, any testimony regarding drug use is irrelevant and unfairly prejudicial, and must be excluded.

As for any arrests or encounters with law enforcement, F.R.Evid. 608(b) provides that a witness may not be impeached by inquiring into specific acts of misconduct not resulting in a conviction. It, however, grants the trial court discretion to permit a witness to be cross-examined on specific instances of conduct probative of a witness' character for truthfulness or untruthfulness. *Id.*; see also F.R.Evid. 611(b). The probative value of the proffered evidence is judged by its relevancy to the issues of the case. F.R.Evid. 401. The determination of whether the evidence is relevant is within the sound discretion of the trial court. *Young v. Anderson*, 513 F.2d 969, 973 (10th Cir. 1975). Even if it is determined to be relevant, the trial court must balance the probative value of the evidence against its potential prejudicial effect, and may exclude otherwise admissible evidence if its probative value is substantially outweighed by the danger of unfair prejudice. F.R.Evid. 403.

Here, none of the encounters that Mr. Hildebrant ever had with law enforcement concerned truthfulness. As such, any such evidence must be excluded. Although Mr. Hildebrant testified that he used methamphetamine in the hours prior to the encounter with police, it is important to note that he was not driving the vehicle, and that he continually asked the driver to stop for the police. Any testimony about Mr. Hildebrant's drug use is highly prejudicial and would be excludable under Rule 403.

**Any Evidence of Drugs or Alcohol Found in the Vehicle After the Stop and Evidence Regarding a Gun**

After the incident, the car was searched, and some drug residue and alcohol was found. Further, upon a search later, defendants apparently also found a gun that was allegedly thrown from the truck during the chase.  Such evidence is irrelevant and would only serve to prejudice the jury.  The defendants tackled and beat the plaintiff with no knowledge any drugs or alcohol that may have been in the car, or gun thrown from the car.  The defendants claim they tackled and beat him because he failed to follow directions and "flipped" them off.  The subsequent find of drugs, alcohol and a gun are irrelevant to the force used on him.  As such, any mention of the drugs, alcohol or gun found should be prohibited.

## Conclusion

WHEREFORE, plaintiff asks this Court to enter an order in limine prohibiting defendants from offering the evidence detailed above.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC

s/Molly M. Gordon
Molly M. Gordon # 23134
8301 E. 21st Street N., Suite 450
Wichita, KS 67206-2936
Telephone: (316) 262-4000
Fax: (316) 265-3819
Email:  molly@depewgillen.com
*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2014, a true and correct copy of the above and foregoing **Plaintiff's Motion in Limine** was filed electronically and notice sent to:

Michael L. North
Assistant County Counselor
County Courthouse
525 N. Main, Suite 359
Wichita, KS 67203-3790

Randy J. Troutt
Hite Fanning & Honeyman LLP
100 N. Broadway, Suite 950
Wichita, KS 67202-2209
*Attorneys for Defendants*

s/Molly M. Gordon
Molly M. Gordon # 23134