## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARK HILDEBRANT,

    *Plaintiff,*

vs.

    Case No. 12-1323-EFM

SHERIFF of SEDGWICK COUNTY, KANSAS, *et al.*,

    *Defendant.*

### ORDER

    This matter came before the Court for hearing on November 25, 2014, on Defendants' Motion in Limine (Doc. 65), Plaintiff's Motion in Limine (Doc. 67), and Defendants' Objections to Plaintiff's Witness and Exhibit List (Doc. 66). Plaintiff appeared by counsel Randy Rathbun and Molly Gordon. Defendants appeared by counsel Michael North and Randy Troutt. Upon examining its files and hearing the evidence presented, the Court finds the following.[1]

    Defendants' Motion in Limine (Doc. 65) is granted in part and denied in part. Defendant raises nineteen specific issues. The Court sustains Defendants' motion to exclude evidence with regard to issues one, two, three, nine, ten, twelve, thirteen, fourteen, and sixteen. Regarding issues four, five, and six, the Court sustains Defendants' motion to exclude evidence to the extent that testimony exceeds the treating physician's own care and treatment of Plaintiff. The Court

---

[1] The Court cautions that evidence presented at trial may alter its rulings.

overrules Defendants' motion to exclude evidence concerning issue seven to allow testimony by Plaintiff's treating physician; otherwise, however, the Court sustains Defendants' motion respecting issue seven. The Court sustains Defendants' motion concerning issue eight, but will permit, with adequate explanation, experts to opine the reasonableness of the officers' force. Regarding issue eleven, the Court overrules the motion to allow evidence of amounts billed provided that the evidence include both the amounts allowed and amounts disallowed. The Court overrules Defendants' motion to exclude combined audio recordings under issue seventeen; however, Plaintiff must lay foundation for the combined audio by establishing that all officers were within earshot of the testifying witness. Concerning issue eighteen, the Court sustains Defendants' motion to exclude evidence that Plaintiff requested the driver to stop or slow the vehicle during pursuit. But the Court overrules Defendant's motion regarding issue eighteen to the extent that it requests the exclusion of evidence that Plaintiff made actions from the vehicle observable to pursuing officers. Concerning issue nineteen, the Court sustains Defendants' motion to exclude evidence that no charges were filed against the driver; however, the Court overrules Defendants' motion to exclude evidence that no charges were filed against Plaintiff.

Plaintiff's Motion in Limine (Doc. 67) is granted in part and denied in part. Plaintiff's motion raises four specific issues. The Court sustains Plaintiff's motion to exclude evidence with regard to issues one, two, and four. With respect to issue three regarding evidence of any drugs or alcohol found in the vehicle after it was stopped, Plaintiff's motion is denied in part to permit evidence that Plaintiff consumed Mike's Hard Lemonade during the pursuit; however, the Court otherwise sustains Plaintiff's motion to exclude evidence of drugs found in the vehicle after it was stopped.

Defendants' Objections to Plaintiff's Witness and Exhibit Lists (Doc. 66) is granted in part and denied in part. The Court sustains Defendants' objection to Sheriff Robert Hinshaw testifying as a witness. Defendants raise five specific objections to exhibits. The Court sustains Defendants' objections concerning objections one, two, and five. Consistent with its disposition of issue of eleven of Defendants' Motion in Limine, the Court overrules Defendants' objection three to allow evidence of amounts billed that include both allowed and disallowed amounts. Finally, the Court declines to rule on Defendants' objection four until the parties review the exhibit in question.

**IT IS THEREFORE ORDERED** that Defendants' Motion in Limine (Doc. 65) is **GRANTED in part and DENIED in part.**

 **IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine (Doc. 67) is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that Defendants' Objections to Plaintiff's Witness and Exhibit Lists (Doc. 66) is **GRANTED in part and DENIED in part.**

**IT IS SO ORDERED**.

Dated this 26 day of November, 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE